# UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Statsure Diagnostic Systems Inc., | ) |
| Plaintiff | ) ) ) |
| v. | ) ) ) Civil Action No. 14-cv-7019 |
| Chembio Diagnostic Systems Inc., | ) ) |
| Defendant | ) ) ) |

**COMPLAINT FOR PATENT INFRINGEMENT,
DECLARATORY JUDGEMENT AND BREACH OF CONTRACT**

Plaintiff Statsure Diagnostic Systems Inc. ("SDS" or "Plaintiff"), for its Complaint for Patent Infringement, Declaratory Judgment and Breach of Contract against Defendant Chembio Diagnostic Systems Inc. ("Chembio" or "Defendant"), alleges as follows:

**PARTIES**

1. Plaintiff SDS is a Delaware corporation having a place of business at 1333 East 9th Street, Brooklyn, New York.

2. On information and belief, Chembio is a Delaware corporation having a place of business at 3661 Horseblock Road, Medford, New York, 11763.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Chembio as it has a place of business in this district.

4. This is an action for patent infringement, declaratory judgment and breach of contract, under 35 U.S.C. § 271 et seq. and 28 U.S.C. §§ 2201 and 2202 and New York law.

This action arises under the Patent Laws of the United States, Title 35, U.S.C. § 101, et seq. and the laws of the State of New York.

5.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a) and 1367(a).

6.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTS

7.  SDS is the owner of United States Patent No. 5,935,864 entitled "Method and Kit for Collecting Samples of Liquid Specimens for Analytical Testing" which issued on August 10, 1999 and was assigned to SDS ("the '864 patent") (a copy of the '864 patent is attached hereto as Exhibit 1).

8.  Chembio is aware of the '864 patent and has investigated and analyzed the SDS Patents and acknowledged that the SDS Patents is valid and enforceable.

9.  Chembio and SDS were previously parties to an infringement litigation concerning the validity, scope, enforceability, and infringement of the '864 patent.  That litigation terminated in a settlement that is evidenced by a set of two agreements entered into on or about September 29, 2006.

10. Subsequent to the agreements, Chembio honored its obligations for several years.

11. Chembio has now breached those agreements, and is making, using, selling and/or offering for sale products in a manner that violates the terms of the aforementioned agreements, is outside the scope of any limited license granted by the two agreements, and which infringes the '864 patent.

12. Chembio has had notice of the patent, and has been fully aware that its conduct is

infringing and breaches the terms of the parties' agreements, since being advised of the same by SDS in November, 2013.

13. On or about August 9, 2014, SDS placed Chembio on notice of Chembio's breach of the agreements for a second time, and of Chembio's infringement, but Chembio has insisted in continuing with its conduct.

14. Notwithstanding its clear notice of the patent and its validity and the lack of any license, Chembio has continued to willfully infringe upon and otherwise violate the patent rights of SDS by the sale and/or offer for sale of certain products ("Barrel Products") infringing the '864 patent. Such products include, but are not limited to Chembio's Sure-Check HIV test.

15. Chembio's continuing infringement and breach of contract has caused damage in the form of lost profits and/or royalties to SDS in an amount as yet unknown.

16. Upon information and belief, Chembio will continue to breach its contractual obligations and infringe SDS' patent rights unless enjoined by this court.

17. Chembio's unauthorized conduct directly competes for market share with SDS's similar products, and with sales in which SDS was to contractually participate.

18. Chembio's unauthorized conduct has caused market share, good will, and customer base damage that is immeasurable and/or difficult to precisely quantify.

## COUNT I
### (Infringement)

19. Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs of this Complaint as if fully set forth herein.

20. The manufacture, use, sale, and/or offer for sale by Chembio of its current Barrel

Products incorporates SDS's patented invention without license or approval by SDS, or is well outside of any limited license granted, and thus, infringes on the '864 patent, either literally or under the doctrine of equivalents.

21. Due to Chembio's infringement, SDS seeks damages in the form of reasonable royalties and/or lost profits as appropriate, and a preliminary and final injunction against the continuing infringement.

## COUNT II
## (Declaratory Judgment)

22. Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs of this Complaint as if more fully set forth herein.

23. SDS seeks a declaration that under the relevant contracts, Chembio has no general license to sell any product incorporating SDS' patented technology, and that its current accused conduct is infringing and without license.

## COUNT III
## (Breach of Contract )

24. Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs of this Complaint as if more fully set forth herein.

25. Chembio has breached this obligation by acting outside the scope of the contracts, and selling products in a manner not authorized, and otherwise acting outside the scope of the parties' prior agreements.

26. Due to Chembio's breaches, SDS has been damaged in an amount to be determined at trial.

Therefore, the plaintiff demands:

(a)     A declaration that Chembio has willfully infringed upon SDS's patent rights;

(b)     A declaration that Chembio has willfully breached the parties' prior agreements;

(c)     A preliminary and final injunction against the continuing infringement;

(d)     Damages in the form of reasonable royalties, damages and/or lost profits as appropriate;

(e)     A declaration that this an exceptional case pursuant to 35 U.S.C. § 285, and awarding attorneys' fees costs and expenses interest and costs.

Date:  December 2, 2014           __/s Jeffrey I. Kaplan___

Jeffrey I. Kaplan
**Kaplan Breyer Schwarz & Ottesen, LLP**
100 Matawan Road
Matawan, NJ  07747
Telephone (732) 578-0103, ext. 231
Facsimile (732) 578-0103
Email  jkaplan@kbsolaw.com

Akiva M. Goldfarb
**Law offices of Akiva M. Goldfarb**
1669 East 12th St.
Brooklyn, NY 11229
Telephone (917) 873-8879
Email  agoldfarb@amglawpc.com

Attorneys for Plaintiff Statsure Diagnostic Systems Inc.